UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.A.,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Director of the ICE Field Office; MINGA WOFFORD, Warden of Mesa Verde ICE Processing Center,<br><br>Respondents. | No. 1:26-cv-01184-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner B.A. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claims one and two of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] Petitioner's motion to proceed under pseudonym was granted by separate order.

1

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 7. Respondents state that they "reviewed the cases cited in the Court's February 10, 2026, Minute Order, and confirm that this case poses the same legal and factual issues as the cases cited in the Court's order." Doc. 9 at 1. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED on claims one and two, for the reasons addressed in those prior orders.[3]

/ / /

/ / /

/ / /

/ / /

---

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 9 at 2. But here immigration officials previously encountered petitioner and released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his re-detention. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims one and two.

1     Respondents are ORDERED to release petitioner immediately.  Respondents are
2 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
3 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
4 petitioner is a flight risk or danger to the community such that his physical custody is legally
5 justified.

6     The Clerk of Court is directed to close this case and enter judgment for petitioner.

8 IT IS SO ORDERED.

9     Dated:   February 12, 2026

                                          UNITED STATES DISTRICT JUDGE